UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG, | Case No.: 12-CV-02789-LHK |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ALEJANDRO B. VASQUEZ, et al., | |
| Defendants. | |

Defendants Alejandro Vasquez, Roy Leon-Guerrero, Charles Swanner, and Gurinder Pannu ("Defendants") have filed a motion to dismiss. Plaintiff Kuang-Bao P. Ou-Young ("Plaintiff") has filed a motion to disqualify the referral judge, a motion for sanctions, and a motion for summary judgment. Pursuant to Local Civil Rule 7–1(b), the Court concludes that these motions are appropriate for determination without oral argument. Accordingly, the November 15, 2012 hearing and case management conference are vacated. Having considering the parties' submissions and the relevant law, the Court GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motions to disqualify, for sanctions, and for summary judgment.

**I. BACKGROUND**

This is the second of two lawsuits Plaintiff has filed concerning treatment by his former employer, the United States Postal Service. The first, Case No. 5:10-CV-00464-RS, before Judge Seeborg ("Ou-Young I"), alleged various acts of employment discrimination and retaliation. In

1

that case, several of Plaintiff's claims were dismissed with prejudice for lack of subject matter jurisdiction, ECF No. 29, and the rest were resolved in Defendants' favor at summary judgment on June 10, 2011. ECF No. 53. On July 20, 2012, Judge Seeborg's grant of summary judgment was affirmed by the Ninth Circuit. ECF No. 63.

On May 31, 2012, shortly before the Ninth Circuit's decision affirming Judge Seeborg's grant of summary judgment, Plaintiff filed the instant lawsuit, Case No. 5:10-CV-02789-LHK ("Ou-Young II"). This complaint alleges various acts of retaliation, intimidation, and conspiracy related to Plaintiff's treatment by his employers in the same incidents at issue in *Ou-Young I*. The factual background relevant to both cases was summarized by Judge Seeborg in his summary judgment order:

> Plaintiff Ou-Young is an Asian male who was formerly employed as a maintenance mechanic at the San Jose Post Office from April of 2007 until August 11, 2010. Ou-Young worked the evening shift, and his primary responsibility was to maintain and troubleshoot mail processing equipment. Ou-Young filed two formal complaints—the first in October of 2009 and the second in May of 2010—with the Equal Employment Opportunity ("EEO") against his employer, detailing a series of interrelated events. Both were denied.
> On October 6, 2009, Ou-Young filed a formal complaint with the EEO against his plant manager Grewal, operation supervisors Noseworthy and Jhaj, and a maintenance supervisor, Carlos Swanner. The complaint discussed an incident in May of 2009 where supervisor Jhaj allegedly shouted at Ou-Young after he failed to repair a machine, and unfairly blamed him for the failed repair and downtime, followed by questioning Ou-Young received from his supervisors as to his work habits and whereabouts. When Jahj was next assigned to Ou-Young's work area as acting supervisor, plaintiff took sick leave from May 22 to May 29, complaining of "severe mental stress" associated with working beneath Jahj. On two occasions, July 6 and July 10, Ou-Young's supervisor, Swanner, either paged or dropped in on Ou-Young to alert him that yet another repair was needed. On July 16, Ou-Young took another three-day sick leave, citing intense stress associated with the two communications with Swanner. Also on July 6, Ou-Young began his EEO complaint process by filing a request for pre-complaint counseling with the National EEO Investigative Services Office. The formal EEO Complaint (filed on October 6, 2009) focused on the May 18, July 6, and July 10, 2009 incidents with Jahj and Swanner. The Postal Service dismissed the complaint on October 30, 2009, finding Ou-Young had not claimed any personal loss or adverse action against him.
> On May 4, 2010, Ou-Young filed a second complaint, in which he advanced allegations of continued harassment from his supervisors, described various interviews he attended to discuss his allegations, and discussed a letter he received reprimanding him for failing to follow instructions or explain work absences. The

2
Case No.: 12-CV-02789-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

harassment claim stems from an incident on March 1, when Ou-Young was unable to troubleshoot a problem with a sorting machine and called technician Pannu for assistance. When Pannu arrived, he suspected Ou-Young had not actually attempted to repair the machine (Pannu claims it was Ou-Young's practice to call for help before actually attempting to fix the problem). Pannu asserts that Ou-Young refused to tell Pannu what he had already tried or done to address the breakdown. Pannu then called Swanner to help resolve the conflict. On March 8, 2010, Ou-Young filed an internal harassment claim against both Pannu and Swanner.

The work absences relate largely to sick-leave Ou-Young took on various occasions due to the mental stress involved in working under specific supervisors. By the spring of 2010, Ou-Young's supervisors conditioned approval of Ou-Young's requests for sick or administrative leave on receipt of a physician's note. Ou-Young did not provide such a note, but avers in the [Third Amended Complaint] that the requirement was applied to him, but not to other employees. He does not, however, supplement this assertion with any further detail or evidence. Ou-Young took sick leave on March 18 and 19, returned without a doctor's note, and informed Vasquez and Leon-Guerrero that he was not required to submit one, as he was acting as his own physician. Shortly after he returned to work, Ou-Young requested additional sick leave on March 25 and 26, and on April 1 and 2 due to stress. Vasquez approved the leave, but again on the condition that Ou-Young return to work with a note from a treating physician.

On April 10, 2010, Ou-Young received a Letter of Warning from Supervisor Leon-Guerrero for failing to follow instructions and for failing to furnish required medical documentation when he returned to work on March 27. On April 14, Ou-Young requested administrative leave from April 17 to 23. The request was denied, on the ground that Ou-Young failed to cite a reason consistent with the Postal Service's policy of granting administrative leave only due to an act of God, relocation, civil participation, national day of observance, or a medical event. Ou-Young took leave nonetheless, returned on April 23, and proceeded to take annual leave from April 24 to April 30.

He filed his second formal EEO complaint on May 4, 2010 (this was formally denied June 15, 2010). Also on May 4, Leon-Guerrero sent a letter to Ou-Young indicating that he was considered absent without official leave, as his leave requests had been denied. When Ou-Young still failed to appear for work, Leon-Guerrero issued a seven-day suspension running from May 17 to June 7, 2010. Ou-Young submitted myriad other requests for administrative leave throughout the early summer of 2010, all of which were denied. Following April 30, Ou-Young never again appeared for work.

Ou-Young received a Notice of Removal from USPS employment on July 14, 2010. The notice explained that Ou-Young's removal was based on extended absence without official leave, irregular and unsatisfactory attendance, failure to report for duty as scheduled, and failure to follow instructions. As of this date, plaintiff has not yet been removed from the Postal Service's employment because his case is in the midst of a grievance process. A collective bargaining agreement prevents the finalization of removal until that process concludes.

*Ou-Young I*, ECF No. 53 (footnotes and internal citations omitted).

3

Case No.: 12-CV-02789-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

In the time since Plaintiff filed *Ou-Young I*, several things have happened. Plaintiff's termination was finalized on December 19, 2011. Compl. at ¶ 110. Plaintiff has also received two letters from former supervisors informing him that he owes $160 to the postal service, based on an arrears balance in a benefits account. *Id.* at ¶¶ 105, 107. Finally, Plaintiff has filed three judicial misconduct complaints against Judge Seeborg based on his rulings in *Ou-Young I*. Compl. at ¶ 103. All three have been denied. *Id.* at ¶ 108.

The present complaint names Vasquez, Leon-Guerrero, Swanner, and Pannu as Defendants. It alleges, in short, that Defendants: (1) engaged in cover-ups of the harassment alleged in *Ou-Young I*; (2) harassed Plaintiff in retaliation for his EEO complaints; (3) fabricated documents used in disciplinary proceedings and in *Ou-Young I*; and (4) conspired to do all of these things. Compl. ¶¶ 114-175. Plaintiff's claims take the form of 61 counts, each alleging violation of one of three federal criminal statutes: 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 351.

On August 9, 2012, Defendant filed a motion to dismiss all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 20. On August 22, 2012, Plaintiff filed a document that includes both an opposition to the motion to dismiss and a motion for sanctions against Defendant's counsel. ECF No. 23 (Opp'n). The opposition also states some arguments for summary judgment. Defendant filed a reply to this document on August 28, 2012. ECF No. 25. Plaintiff also filed an administrative motion to disqualify Judge Lloyd as the referral judge on July 11, 2012. ECF No. 16.

## II. MOTION TO DISMISS

### A. Legal Standards

A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction. If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th

4

Case No.: 12-CV-02789-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

1   Cir. 2001). Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). While "'detailed factual allegations'" are not required, a complaint must include sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court need not, however, accept as true pleadings that are no more than legal conclusions or the "'formulaic recitation of the elements' of a cause of action." *Iqbal*, 556 U.S at 663 (quoting *Twombly*, 550 U.S. at 555). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *accord Iqbal*, 556 U.S. at 678.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

5
Case No.: 12-CV-02789-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

### B. Analysis

Defendants have raised three distinct arguments for dismissal.[1]  First, Defendants argue that the present claims are precluded by the judgment in *Ou-Young I*.  Second, Defendants argue that Plaintiff's claims rest exclusively on allegations of official conduct related to employment discrimination, and are thus preempted by Title VII.  Third, Defendants argue that Plaintiff's claims are all brought under criminal statutes which do not have private rights of action, and thus must be dismissed.  Because the third argument disposes of the case, the Court need not consider whether any of Plaintiff's claims would be precluded by *Ou-Young I*, or whether these allegations are sufficiently related to employment discrimination as to be preempted by Title VII.

Private Right of Action

All 61 of Plaintiff's causes of action are brought under one of three federal statutes: 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 351.  Section 1512 punishes witness tampering.  Section 351 punishes the assassination, kidnapping, or assault of members of Congress and certain other federal officials.[2]  Leaving aside the question of how these statutes might apply factually to Plaintiff's situation, Plaintiff cannot state a civil claim for relief based on these provisions.  As a general matter, the Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of some sort lay in favor of someone.'"  *Chrysler Corp. v. Brown,* 441 U.S. 281, 316 (1979) (quoting *Cort v. Ash,* 422 U.S. 66, 79 (1975)).

In his opposition to Defendants' motion to dismiss, Plaintiff provides no authority suggesting that any of these three statutes includes a private right of action.  Instead, he includes a header for an argument entitled "*Bivens* Defeats Defendants' Claim That Plaintiff Has Brought Claims under Federal Statutes That Do not Grant a Private Right of Action."  Opp'n at 5.

---

[1] In their motion and reply, Defendants list multiple arguments. However, the Court considers the res judicata and collateral estoppel arguments to fall under the broader category of preclusion. Moreover, the Court would consider Defendants' immunity and tort arguments only if Plaintiff's criminal statutory claims provided a private right of action.
[2] It appears from Plaintiff's opposition to the motion to dismiss that he may have intended to assert claims under 18 U.S.C. § 371, "Conspiracy to commit offense or to defraud United States," not § 351. But this substitution would make no difference, as both are criminal statutes without private rights of action.

6

Case No.: 12-CV-02789-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

However, there is no text accompanying this header, and nowhere else in his submissions has Plaintiff explained why he believes that these statutes provide a private right of action. The case Plaintiff invokes, *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), does not provide a remedy for alleged violations of federal criminal statutes. *See Wilkie v. Robbins*, 551 U.S. 537, 549 (2007) ("[*Bivens*] held that the victim of a Fourth Amendment violation by federal officers had a claim for damages, and in the years following we have recognized two more nonstatutory damages remedies, the first for employment discrimination in violation of the Due Process Clause, and the second for an Eighth Amendment violation by prison officials. But we have also held that any freestanding damages remedy for a claimed constitutional violation has to represent a judgment about the best way to implement a constitutional guarantee; it is not an automatic entitlement no matter what other means there may be to vindicate a protected interest, and in most instances we have found a *Bivens* remedy unjustified.") (internal citations omitted).

Further, this Court has found no authority to support Plaintiff's claim that a private right of action exists under these criminal statutes. To the extent the issue has been discussed, courts have agreed that these statutes do not provide a private right of action. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009) aff'd, 350 F. App'x 605 (3d Cir. 2009) (no private right of action under § 1512; citing cases); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action").

Thus, the Court finds that each of Plaintiff's claims is brought pursuant to a statute that provides no private right of action. Plaintiff has failed to state a claim upon which this Court could grant relief, and accordingly, Defendants' motion to dismiss is GRANTED.

Leave to Amend

The problem with Plaintiff's claims is not one that can be cured by the allegation of additional facts or other amendment of pleadings. Plaintiff's criminal claims simply cannot be brought by a private citizen, and nothing Plaintiff can do to amend his pleadings will change that

7
Case No.: 12-CV-02789-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

fact. *See Ateser v. Bopp,* 29 F.3d 630 (9th Cir. 1994) ("In any case, any amendment could not have cured the fatal defect of the lack of a private right of action under the criminal statutes."); *see also Sepehry-Fard v. Bank of New York Mellon, N.A., 1*2-CV-1260-LHK, 2012 WL 4717870 (N.D. Cal. Oct. 2, 2012) (dismissing with prejudice a private litigant's claims for violations of criminal statutes). Accordingly, the Court DENIES leave to amend, and dismisses the claims with prejudice.

### III. MOTION TO DISQUALIFY

Plaintiff has moved to disqualify Magistrate Judge Lloyd as the referral judge in this case. However, no matters in this case have yet been referred to Judge Lloyd, and as this case is now being dismissed in its entirety, no matters will be referred. Accordingly, Plaintiff's motion to disqualify Judge Lloyd is DENIED as moot.

### IV. MOTION FOR SANCTIONS

Plaintiff has asked this Court to impose sanctions on Defendants' attorney under Federal Rule of Civil Procedure 11. "Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v. Borjorquez,* 967 F.2d 1418, 1420 (9th Cir.1992). An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11(b)(1).

Plaintiff has provided no substantive argument as to how he believes Defendants' attorney has met these standards in filing the motion to dismiss. Indeed, as the Court has found Defendants' motion to dismiss meritorious, it is clearly not frivolous or unreasonable. Plaintiff has not argued, and the Court sees no evidence, that Defendants had any purpose other than to defend themselves against baseless claims. Accordingly, Plaintiff's motion for sanctions is DENIED.

### V. MOTION FOR SUMMARY JUDGMENT

It is not entirely clear whether Plaintiff intends to move for summary judgment. In response to Defendant's motion to dismiss, Plaintiff filed a document styled a "Notice of Motion and Motion for Sanctions and Plaintiff's Opposition to Defendants' Motion to Dismiss." ECF No.

8

Case No.: 12-CV-02789-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

23. The document does, however, reference Federal Rule of Civil Procedure 56, and suggests that "a Summary Judgment affirming these claims represents an appropriate sanction on Defendants." Opp'n at 3.  Thus, it appears that Plaintiff is asking the Court to grant summary judgment in his favor as a sanction on Defendants for filing their motion to dismiss.  To the extent that Plaintiff seeks summary judgment as a sanction, the motion is DENIED.  The Court has already found that Plaintiff has not and cannot state a claim.  Accordingly, sanctions against Defendants for filing their motion to dismiss are not warranted.

To the extent that Plaintiff actually intends to move for summary judgment under Federal Rule of Procedure 56, his motion must fail.  The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Plaintiff has not made any substantive argument concerning any of the facts in his case, and has not referenced any evidence in his motion.  Further, the Court has already found that Plaintiff has not stated any claim on which relief can be granted.  As Plaintiff has not made allegations that would state a claim if proven, he cannot have established that he is entitled to judgment as a matter of law.  Accordingly, Plaintiff's motion for summary judgment is DENIED.

### VI. CONCLUSION

As none of Plaintiff's claims are brought under any statute providing a private right of action, Defendants' motion to dismiss is GRANTED.  Further, Plaintiff's motion to disqualify Judge Lloyd is DENIED  as moot in light of this dismissal.  Defendants' motion to dismiss was clearly not frivolous, so Plaintiff's motion for sanctions is DENIED.  To the extent that Plaintiff intended to bring a separate motion for summary judgment, he has not established that he is entitled to judgment as a matter of law.  Thus, Plaintiff's summary judgment motion is DENIED.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2012

_____
LUCY H. KOH
United States District Judge

9

Case No.: 12-CV-02789-LHK
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO DISQUALIFY; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT