UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>                  Plaintiff,<br>   v.<br><br>ALEJANDRO B. VASQUEZ, et al.,<br><br>                  Defendants. | Case No.: 12-CV-02789-LHK<br><br>ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT |

On November 9, 2013, the Court granted Defendants' motion to dismiss this case in its entirety, and denied leave to amend. ECF No. 28 ("Dismissal Order"). That Order also denied as moot Plaintiff's motion to disqualify Magistrate Judge Howard Lloyd as the referral judge in the case, denied Plaintiff's motion for sanctions, and denied Plaintiff's motion for summary judgment. *Id.* The Clerk then closed the file. Currently pending before the Court are Plaintiff's five motions: a motion to disqualify the undersigned judge, ECF No. 36 ("Mot. to Disqualify the Undersigned Judge"), a motion to disqualify Judge Lloyd, ECF No. 37 ("Mot. to Disqualify Judge Lloyd"), a motion to vacate judgment pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(b)(60), ECF No. 34 ("Mot. to Vacate"), a motion for sanctions, ECF No. 35 ("Mot. for Sanctions"), and a motion for summary judgment, ECF No. 33 ("Mot. for Summary Judgment").

1

Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

Pursuant to Civil Local Rule 7–1(b), the Court concludes that the currently pending motions are appropriate for determination without oral argument and DENIES the motions for the reasons stated below.

I. **Background**

The Dismissal Order summarized the background of this case, noting that the case was the second of two lawsuits Plaintiff had filed concerning treatment by his former employer, the United States Postal Service. Dismissal Order at 1. As explained in that Order, the first case, Case No. 5:10-CV-00464-RS, before Judge Seeborg ("Ou-Young I"), alleged various acts of employment discrimination and retaliation. *Id.* In that case, several of Plaintiff's claims were dismissed with prejudice for lack of subject matter jurisdiction, ECF No. 29, and the rest were resolved in Defendants' favor at summary judgment on June 10, 2011, ECF No. 53. On July 20, 2012, Judge Seeborg's grant of summary judgment was affirmed by the Ninth Circuit. ECF No. 63.

On May 31, 2012, Plaintiff filed the complaint in the instant lawsuit, alleging various acts of retaliation, intimidation, and conspiracy related to Plaintiff's treatment by his employers in the same incidents at issue in *Ou-Young I*. *See* Dismissal Order at 2. Plaintiff's claims took the form of 61 counts, each alleging violation of one of three federal criminal statutes: 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 351 (the "three criminal statutes"). *See* Complaint ("Compl."); Dismissal Order at 4.

On August 9, 2012, Defendant filed a motion to dismiss all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 20. The Defendants argued that the claims in the instant action were precluded by the judgment in *Ou-Young I*, that the claims rested exclusively on allegations of official conduct related to employment discrimination and were thus preempted by Title VII, and that Plaintiff's claims were all brought under criminal statutes which do not provide for private rights of action. *Id.*; Dismissal Order at 6. The Court found that the last argument was dispositive of the case. Dismissal Order at 6. The Court dismissed the case in its entirety because all 61 of Plaintiff's actions were brought under one of the three federal criminal statutes, none of which provides for a private right of action. *Id.* at 6-7.

2

Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

On November 28, 2012, Plaintiff filed two additional motions: one to disqualify the undersigned judge, ECF No. 30, and the other to disqualify Judge Lloyd as the referral judge, ECF No. 31. Because the case had been dismissed with prejudice, and the file had been closed, the Court denied these motions as moot. ECF No. 32.

On December 5, 2012, Plaintiff filed the five motions currently pending before the Court. Defendants filed an opposition on December 6, 2013, arguing that these post-judgment motions "have no discernible merit and should be summarily denied without hearing." ECF No. 38 at 1 ("Opp'n").[1] Plaintiff filed a reply on December 10, 2012. ECF No. 42 ("Reply").

## II. Motions for Disqualification of the Undersigned Judge and Judge Lloyd

Plaintiff moves to disqualify the undersigned judge as presiding judge of the present case under 28 U.S.C. § 455. Mot. to Disqualify the Undersigned Jude. 8 U.S.C. § 455 provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," as well as in specific identified circumstances. 28 U.S.C. § 455(a), (b).

Plaintiff does not identify any extrinsic evidence of bias in this case, but rather challenges the legal conclusions in the Dismissal Order. Specifically, Plaintiff alleges that the undersigned judge "fabricated a diversion from the jurisdiction statement in the complaint[, and] . . . then deliberately misrepresented three Supreme Court decisions" in the Dismissal Order. Mot. to Disqualify the Undersigned Judge at 5. Plaintiff further alleges that the Dismissal Order "rendered the dismissal and the denials in the light most favorable to Defendants, instead of Plaintiff. Thus, these rulings have shown sufficient bias against Plaintiff to justify disqualification of Judge Koh as presiding judge of the present case under 28 U.S.C. § 455." *Id.* As addressed below, Plaintiff's substantive challenges to the Dismissal Order are without merit. Because the Court rejects Plaintiff's legal arguments that constitute the only basis for Plaintiff's motion to disqualify, the Court DENIES Plaintiff's motion to disqualify the undersigned judge.

---

[1] Defendants also filed "Objections" to Plaintiff's motions on December 7, 2012, ECF No. 39. However, also on that day, Defendants requested the Court to remove or ignore ECF No. 39 because it was filed in error, and clarified that the operative opposition to plaintiff's post-judgment motions is ECF No. 38. *See* ECF No. 41.

3

Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff has also filed a motion to disqualify Magistrate Judge Howard Lloyd. Mot. to Disqualify Judge Lloyd. This represents Plaintiff's third motion to disqualify Judge Lloyd. In the Dismissal Order, the Court dismissed as moot Plaintiff's first motion to disqualify Judge Lloyd because no matters had been referred to Judge Lloyd prior to the dismissal of this action in its entirety. Dismissal Order at 8. The Court denied as moot Plaintiff's second motion to disqualify Judge Lloyd on November 30, 2013, noting that the case had been dismissed with prejudice and the file had been closed. ECF No. 32. As discussed below, this Order denies Plaintiff's motion to vacate, and the file therefore remains closed. Accordingly, the Court DENIES as moot Plaintiff's third motion to disqualify Judge Lloyd.

## II.     Motion to Vacate

Plaintiff also moves to vacate the dismissal of this case with prejudice, pursuant to Federal Rule of Civil Procedure 60(b)(3), "due to misrepresentation and fraud by Defendants," and under Federal Rule of Civil Procedure 60(b)(6), "due to misrepresentation by Judge Koh and acknowledgment by the Ninth Circuit." Mot. to Vacate at 2. The Court addresses each in turn.

### A.     Motion to Vacate Pursuant to Rule 60(b)(3)

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks and citation omitted). Plaintiff relies on Rule 60(b)(3), which requires that the moving party "establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock on Complaint of Edwards,* 809 F.2d 1403, 1404–05 (9th Cir. 1987). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."

4

Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

*Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir. 2000)).

Plaintiff makes two allegations of fraud. First, Plaintiff alleges that Defendants deliberately misrepresented precedent. Mot. to Vacate at 3-4. Second, Plaintiff alleges that the motion to dismiss "constitutes a fraud by Defendants" because the United States "acknowledged its liability for the case," when it replaced the former Postmaster General with the current Postmaster General. *Id.* at 6-7. Neither of these allegations is persuasive to the Court.

First, Plaintiff alleges that Defendants deliberately misrepresented precedent by arguing that no private right of action exists under the three federal criminal statutes under which Plaintiff brought his claims. Specifically, Plaintiff takes issue with the following excerpt of Defendants' motion to dismiss:

> Plaintiff cannot bring claims under [18 U.S.C. §§ 371, 1512(b) or 1512(c)], because these are federal criminal statutes that courts have consistently held do not grant private rights of action. *E.g., Stacy v. Hascall*, CV. 09-1070-KI, 2010 WL 1335067 (D. Or. Mar. 31, 2010) (citing *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006), *cert. denied*, 549 U.S. 1231 (2007)) (finding no private right of action under 18 U.S.C. §§ 241, 245, or 1512); *James v. NDEx W., LLC*, CV 10-0626 MHP, 2010 WL 760529 (N.D. Cal. Mar. 4, 2010) (under 18 U.S.C. § 1702); *Kazenercom Too v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 160 (D.D.C. 2008) (citing *Jyan v. Frankovich*, CV 94-20883-JW, 1995 WL 396846, at *2 (N.D. Cal. June 29, 1995)) (under 18 U.S.C. § 1512); *Rapoport v. Republic of Mex.*, 619 F. Supp. 1476, 1480 (D.D.C. 1985) (under 18 U.S.C. § 371).

*See* Mot. to Vacate at 3 (quoting Mot. to Dismiss at 18). Plaintiff argues that because "Defendants have failed to identify any Supreme Court cases that specifically precluded federal causes of action under 18 U.S.C.§§ 371, 1512(b) or 1512(c)[,] Defendants' claim that 'Plaintiff cannot bring claims under these statutes' constitutes a deliberate misrepresentation of the cited cases." Mot. at 4.[2]

However, far from constituting misrepresentations, Plaintiff's citations and parentheticals

---

[2] Plaintiff also cites *Bivens v. Six Unknown Fed. Narcotic Agents*, 403 U.S. 388 (1971), noting that "*Bivens* has specifically upheld a federal cause of action under the Fourth Amendment. At the same time, *Bivens* has not precluded any federal causes of action under 18 U.S.C. §§ 371, 1512(b) or 1512(c)." Mot. to Vacate at 3. While both of Plaintiff's statements are true, the relevance to the instant case remains unclear. Plaintiff's complaint did not reference either the Fourth Amendment or a *Bivens* cause of action. Nor does *Bivens* address the creation of a private right of action under federal criminal statutes. *See infra* Section II.B.

5

Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

fairly characterize the referenced cases, all of which support Defendants' proposition that the federal criminal statutes do not grant private rights of action. Indeed, as discussed below, this Court arrived at the same conclusion, finding "no authority to support Plaintiff's claim that a private right of action exists under these criminal statutes." Dismissal Order at 7. Plaintiff's Motion to Vacate does not identify any such authority. Accordingly, the Court finds no merit in allegations of Defendants' misrepresentations.

Second, Plaintiff notes that John E. Potter was the Postmaster General when Plaintiff's prior civil action against the Postal Service was filed, but was replaced by Patrick R. Donahoe. *See* Mot. to Vacate at 6. Plaintiff alleges that "[t]he United States removed John E. Potter as Postmaster General during the cause [sic] of Plaintiff's prior case against the Postal Service. In doing so, the United States has acknowledged its liability for the case." Mot. at 7. Because Plaintiff has failed to provide any logical link between the replacement of the Postmaster General and an admission of liability on the part of the United States, the Court does not find that Plaintiff has met his burden of proving by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct. *See Casey v. Albertson's Inc.*, 362 F.3d at 1260. The Court therefore DENIES Plaintiff's motion to vacate pursuant to Rule 60(b)(3).

### B. Motion to Vacate Pursuant to Rule 60(b)(6)

Plaintiff also relies on Rule 60(b)(6), which is the catchall provision that allows a court to grant reconsideration in an effort to prevent manifest injustice in "extraordinary circumstances." *See United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* Plaintiff alleges that the "extraordinary circumstances" at issue in this case consist of the undersigned judge's misrepresentation of Supreme Court precedent. Mot. to Vacate at 4-6. The Plaintiff further alleges that the Ninth Circuit's denial of Plaintiff's appeal in *Ou-Young I* and the denial of rehearing en banc "show that Judge Koh has improperly dismissed the present case." *Id.* at 8. The Court addresses each in turn.

6
Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

With respect to the alleged misrepresentations of the undersigned judge, Plaintiff's allegations mirror his challenges to Defendants' motion to dismiss, arguing that the Court misrepresented precedent in concluding that the three federal criminal statutes do not provide for private rights of action. Even assuming that a court's "misrepresentation" of precedent could constitute the "extraordinary circumstances" justifying reversal under Rule 60(b)(6), Plaintiff has failed to provide any evidence of such misrepresentation. First, Plaintiff alleges that "Judge Koh's ruling that *Bivens* 'does not provide a remedy for alleged violations of federal criminal statutes' constitutes a deliberate misrepresentation of *Bivens*." Mot. to Vacate at 5 (quoting Dismissal Order at 7). However, Plaintiff provides no citations from *Bivens* or any other authority to contradict the Court's conclusion, but merely insists that *Bivens* has upheld a federal cause of action under the Fourth Amendment and has not explicitly precluded a federal cause of action under 18 U.S.C. §§ 371, 1512(b) or 1512(c). *Id.* Neither of these statements contradicts the Court's finding that *Bivens* does not provide for a private right of action under the federal criminal statutes for which Plaintiff alleges causes of action.

Plaintiff also takes issue with the Court's statement that the Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that civil cause of some sort lay in favor of someone.'" Dismissal Order (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (quoting *Cort v. Ash*, 422 U.S. 66, 79) (1974)). Plaintiff suggests that *Chrysler* dealt "exclusively with the Freedom of Information Act (FOIA) and the Trade Secret Act, 18 U.S.C. § 1905" and that *Cort* dealt exclusively with 18 U.S.C. § 610. Mot. to Vacate at 5-6. Plaintiff concludes that the Court's reliance on these cases in analyzing the three federal criminal statutes in this case constituted a misrepresentation by the Court. Mot. to Vacate at 5-6 (citing *Chrysler*, 441 U.S. at 316, *Cort*, 422 U.S. at 79). However, Plaintiff does not provide any explanation of why the quoted analysis would be limited to the statutes at issue in those specific cases, nor does he provide any evidence to contradict the Court's statement that it "found no authority to support Plaintiff's claim that a private right of action exists under these criminal statutes." Dismissal Order at 7. Moreover,

7

Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff does not dispute the fact that, to the extent the issue has been discussed, courts have agreed that these statutes do not provide a private right of action. *See* Dismissal Order (citing *Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009), *aff'd,* 350 F. App'x 605 (3d Cir. 2009) (no private right of action under § 1512 (citing cases)); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d. 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action"). In sum, the Court finds that Plaintiff has failed to provide support for any of his critiques of the Court's opinions, much less present evidence of "extraordinary circumstances" justifying reversal under Rule 60(b)(6).

Plaintiff's allegations with respect to the Ninth Circuit also fall short of identifying the level of manifest injustice required by Rule 60(b)(6). Plaintiff first argues that the panel's decision to deny Plaintiff's petition for rehearing en banc without a vote from the full court "constituted a deliberate violation of 28 U.S.C. § 47." Mot. to Vacate at 7 (quoting 28 U.S.C. 47, "No judge shall hear or determine an appeal from the decision of a case or issue tried by him."). However, as noted in the excerpt of the Ninth Circuit denial of rehearing cited by Plaintiff, the Ninth Circuit was advised of the petition for rehearing, and no judge requested a vote on whether to rehear the matter en banc. *See* Mot. to Vacate (citing Cir. Doc. No. 10). This procedure was fully consistent with Federal Rule of Appellate Procedure 35(f) ("A vote need not be taken to determine whether the case will be heard or reheard en banc unless a judge calls for a vote"), and did not represent any impropriety on the part of the Ninth Circuit.

Plaintiff further argues that the Ninth Circuit panel "fabricated" the denial of Plaintiff's appeal, "to cover up Judge Seeborg's improper summary judgment against Plaintiff." Mot. to Vacate at 7. "The cover-up represents the Ninth Circuit's acknowledgement that Judge Seeborg has improperly dismissed the criminal claims under 18 U.S.C. §§ 371, 1512(b), or 1512(c)." *Id.* at 7-8. Because the case before Judge Seeborg was based on the same events as the present case, Plaintiff concludes that "[t]he denial of rehearing en banc and the denial of appeal show that Judge Koh has improperly dismissed the present case as well." *Id.* at 8. The Court is unable to identify

8

Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

the logic in Plaintiff's conclusion that the denial of Plaintiff's appeal constitutes an "acknowledgment" of the District Court's error. Accordingly, the Court does not find that Plaintiff has identified the "extraordinary circumstances" required to justify a reversal under Rule 60(b)(6).

In conclusion, Plaintiff has failed to identify any basis under Rule 60(b) that would justify vacating the judgment, and the Court DENIES Plaintiff's Motion to Vacate in its entirety.

### III. Motion for Sanctions and Motion for Summary Judgment

Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 11(b)(1), 11(b)(2) and 11(c)(1), and also seeks summary judgment as "an appropriate sanction on Defendants under [Federal Rule of Civil Procedure] 56(c)(1)." Mot. for Sanctions at 2-3. Plaintiff states that this motion serves to reinstate his previous motion for sanctions that was denied in the Dismissal Order. *See* Mot. for Sanctions at 3. Plaintiff has also filed a separate Motion for Summary Judgment under Federal Rule of Civil Procedure 56. Mot. for Summary Judgment.

Plaintiff's Motion for Sanctions reiterates many of the arguments raised in his Motions to Disqualify and Motion to Vacate. Specifically, Plaintiff contends that "Defendants have failed to justify the motion to dismiss. The failure constitutes ground for sanctions." Mot. for Sanctions at 5. Plaintiff also reiterates his argument that the United States acknowledged liability by replacing Postmaster General John E. Potter, and that the Ninth Circuit "acknowledged its errors" by denying Plaintiff's appeal. Mot. for Sanctions at 5-7.

For the reasons stated in this Order, the Court properly dismissed this case in its entirety because Plaintiff did not and cannot state a claim under the three federal criminal statutes. Neither the replacement of Postmaster General Potter, nor the Ninth Circuit's denial of Plaintiff's appeal alters this conclusion. As a result, the Court again finds that sanctions against Defendants for filing their motion to dismiss are not warranted. *See* Dismissal Order at 8-9. Accordingly, Plaintiff's Motion for Sanctions is DENIED.

Because the Court has dismissed this case in its entirety and the file is now closed, Plaintiff's separate Motion for Summary Judgment is DENIED as moot.

**IT IS SO ORDERED.**

9

Case No.: 12-CV-02789-LHK
ORDER DENYING MOTIONS TO DISQUALIFY; DENYING MOTION TO VACATE; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR SUMMARY JUDGMENT

Dated: June 10, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge